IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 07-cv-01271-WDM-BNB

SPORTSMANS WAREHOUSE, INC.,

Plaintiff,

v.

STEVEN G. FAIR, and
STEPHEN C. LEBLANC,

Defendants,

and

STEPHEN C. LEBLANC,

Cross Claimant,

v.

STEVEN G. FAIR,

Cross Defendant.

_____

**ORDER**

_____

This matter arises in connection with the following papers (the "Papers") filed by

defendant Steven Fair:

1. **Answer to Amended Order 10-01-2007, Boland United States District Court for**

**the District of Colorado** [Doc. #64];

2. **Letters Rogatory** [Doc. #65];

3. **Joinder of Parties** [Doc. #66];

4. **Answer to Sportsmans Warehouse Complaint Answer to Stephen C. LeBlanc's Crossclaim under Amended Order of the Court Oct 1, 2007** [Doc. #67];

5. **Complaint** [Doc. #68];

6. **In the Nature of *in forma pauperis*** [Doc. #69]; and

7. **Memorandum in Support of Complaint(s)** [Doc. #70].

On October 1, 2007, I issued an Amended Order [Doc. #57] striking eleven papers filed by Mr. Fair. I found that (1) the papers were largely unintelligible gibberish; (2) is was, for the most part, impossible to determine the nature or the substance of the papers; (3) none of the papers contained a proper caption; (4) many of the papers were redundant; and (7) many of the papers did not seem to pertain to any pending matter in this case. Mr. Fair was ordered to cease filing redundant papers, unintelligible papers, papers that are not related to any pending matter in this case, or papers with improper captions. Mr. Fair was cautioned that any papers filed with the Court which failed to comply with the Amended Order could be stricken, and he could be subject to sanctions. In addition, Mr. Fair was ordered to answer or otherwise respond to the Complaint and to defendant LeBlanc's cross claims.

On October 1, 2007, Mr. Fair filed four additional papers. These papers were stricken [Doc. #63] because they suffered the same deficiencies as were addressed in my Amended Order. Mr. Fair was again ordered to cease filing redundant papers, unintelligible papers, papers that are not related to any pending matter in this case, or papers with improper captions. In addition, he was cautioned that any papers filed with the Court which failed to comply with my orders could be stricken and that he could be subject to sanctions.

2

The Papers addressed here were all filed after my Order of October 1, 2007. They utterly fail to comply with my previous orders. To the contrary, they are filled with nonsense and gibberish. For example, Mr. Fair's "Answer to Amended Order 10-01-2007, Boland United States District Court for the District of Colorado" [Doc. #64], begins with the following sentence:

> Comes now Steven George Fair, Sovereign, under threat, intimidation, and coersion [sic] of BOLAND, Boyd N. Amended Order Oct. 1, 2007, whom Steven George Fair believes is the defacto judge of an illegitimate executive court under military colors of a commander in Chief, who's authority reins over the Northern Congressional Rebellion of A.D. 1865 against Mr. President Lincoln's Presidential Pardon, Article II, sec. 2, Const., as the contract intended by the Framers in A.D. 1787, pardoning the several Southern States A.D. 1865, and; the contress's illegitimate legislation *the Recontruction Acts of 1867*, A.D. 1867, and; the alleged 14th amendment A.D. 1973 Oregon HJR 13, but actual voluntary political act of democracy existing in assent to lawlessness by persons in rebellion.

*Response*, second consecutive page.

Based on the captions of the Papers submitted, it appears that Mr. Fair may be attempting to (1) respond to the Complaint and LeBlanc's cross claims, ( 2) assert cross claims against LeBlanc; (3) assert counter claims against Sportsman's Warehouse, Inc.; (4) join parties; and (5) assert claims against third parties. The Papers fail to comply with the requirements of the Federal Rules of Civil Procedure, however, even affording them the most liberal construction possible.

I recognize that Mr. Fair is proceeding *pro se* and that I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). Nevertheless, I cannot act as

advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure.  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).[1]

Mr. Fair's "Answer to Sportsmans Warehouse Complaint Answer to Stephen C. LeBlanc's Crossclaim under Amended Order of the Court Oct 1, 2007" [Doc. #67] (the "Answer"), although possibly asserting affirmative defenses, does not admit or deny any of the factual averments of the Complaint or of LeBlanc's pleading, as required by Fed. R. Civ. P. 8.

In his Paper entitled "Joinder of Parties" [Doc. #66], Mr. Fair lists numerous individuals and entities, including the Governor, the Secretary of State, and the "office/officer of Treasure." However, Mr. Fair does not provide any intelligible factual basis pursuant to Fed. R. Civ. P. 19 for joinder of these individuals and entities as parties.

In his Paper entitled "In the Nature of *in forma pauperis*" [Doc. #69], Mr. Fair appears to be seeking leave to proceed *in forma pauperis*.  Besides being filled with nonsense,[2] the Paper

---

[1]In addition, it is not the Court's duty to search voluminous pages of gibberish for statements which may support a claim or a remedy.  See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995).  It is the litigants' responsibility to provide the court with concise arguments, relevant facts, and specific citations to authorities and supporting evidence. Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).

[2]For example, Mr. Fair states:
> Plaintiff, in good conscience, cannot Tender silver specie Coin Legal Tender from the Mint because he has been destroyed by the democracy's use of Nash's Non Co-operative Game theory abuse via the Banking Act of 1913 and Nixon destruction of the base 'value' for the Currency Cases which established that a Federal Reserve Note could be exchanged for a Thing that could be exchanged for a Dollar quid pro qui, and ; therefore the federal reserve note was not a counterfeit fiat misrepresentation.  Id. at second and third consecutive pages.

does not contain an affidavit to support a request to proceed *in forma pauperis* as required by 28 U.S.C. § 1915.[3]

In his Paper entitled "Letter Rogatory" [Doc. #65], Mr. Fair demands that this Court stay all proceedings while he pursues a writ of mandamus in the Tenth Circuit Court of Appeals.  I am not aware of the filing of any petition for writ of mandamus in the circuit court.

Throughout his "Letter Rogatory" and his "Answer to Amended Order 10-01-2007, Boland United States District Court for the District of Colorado" [Doc. #64] (the "Response"), Mr. Fair states that I practice "skullduggery from the bench"; accuses me of "threat, intimidation, and coercion"; and calls me "misfeasant and malfeasant" and "a criminal at War."  *Response*, pp. 2, 4; *Letters Rogatory*, pp. 6-7, 11.  He states that I am a "defacto judge of an illegitimate executive court" and describes my Amended Order as "a private act in treasonous design."  *Response*, p. 2; *Letters Rogatory*, p. 4.  He states that I am "incompetent" and "abusive" and that I engage in "military abuse of police power in intimidation, threat and coersive [sic] attempts against" him.  *Letters Rogatory*, p. 11.  I will not tolerate Mr. Fair's contumacious language and conduct.

Finally, Mr. Fair appears to seek my recusal or disqualification because I issued the Amended Order.  *Letters Rogatory*, p. 7.  The issue of recusal is addressed by two separate statutes.  Under 28 U.S.C. § 455(a), federal judges must disqualify themselves in any proceeding in which their impartiality might reasonably be questioned.  The test under this statute is "whether

---

[3]I am aware that 28 U.S.C. § 1746 provides that whenever any rule requires that a matter be supported by affidavit, such matter may be supported by an unsworn declaration which is subscribed by the author as true under penalty of perjury and dated.  However, insofar as the Paper contains factual statements, Mr. Fair does not subscribe that the statements are true under penalty of perjury.

a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987).

Mr. Fair's allegations would not cause a reasonable person to harbor doubts about my impartiality in this case. I routinely strike filings that are redundant, unintelligible, unrelated to any pending matter in this case, or are submitted in an improper format.

A party may also seek the disqualification of a judge under 28 U.S.C. § 144. To prevail on the motion to disqualify, the movant must timely file a sufficient affidavit alleging bias or prejudice. The supporting affidavit must establish with particularity the identifying facts of time, place, persons, occasion, and circumstances requiring disqualification. Hinman, 831 F.2d at 939. The affidavit is strictly construed against the affiant, and there is a substantial burden on the moving party to demonstrate that the judge is not impartial. Id.

Mr. Fair has not submitted a supporting affidavit with his Motion. Therefore, he does not provide a basis upon which I should recuse myself under 28 U.S.C. § 455.

IT IS ORDERED that the Papers are STRICKEN.

IT IS FURTHER ORDERED that Mr. Fair's apparent request for my recusal or disqualification is DENIED.

IT IS FURTHER ORDERED that any future filings by Mr. Fair which contain contumacious language may result in sanctions against him.

IT IS FURTHER ORDERED that the plaintiff shall file a motion for entry of default under Rule 55(a) against Mr. Fair for his failure to answer or otherwise defend, if at all, by **October 31, 2007**.

Dated October 24, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge