IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01271-WDM-KMT

SPORTSMANS WAREHOUSE, INC.

    Plaintiff,

v.

STEVEN G. FAIR, and
STEPHEN C. LEBLANC,

    Defendants,

STEPHEN C. LEBLANC,

    Cross Claimant,

v.

STEVEN G. FAIR,

    Cross Defendant.

_____

**ORDER**
_____

This matter comes before the court on Steven G. Fair's "Joinder" [Doc. No. 104, filed November 26, 2007] which the court will treat as a motion to join parties and/or amend pleadings.[1] Cross-Claimant Stephen C. LeBlanc filed a "Motion to Strike 'Joinder'" ("Mot. to

---

[1] Stephen G. Fair is proceeding *pro se*. Therefore the court must liberally construe his pleadings. *Haines v. Kerner*, 104 U.S. 519, 520-21 (1972). Nevertheless the court will not act as advocate for a *pro se* litigant, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Strike" [Doc. No. 106, filed November 26, 2007]).  Fair filed "Objection to Defendant Stephen C. LeBlanc's Motion to Strike Joinder" ("Reply", [Doc. 117, filed December 7, 2007]) which the court will construe as a Reply associated with his "Joinder" motion.  Associated with the "Joinder" is "Steven George Fair's CROSSCLAIM(S)(defamation) (infringement) AND COUNTERCLAIM(infringement)" [Doc. No. 111, filed November 29, 2007].[2]

      Also entertwined with the above-referenced motions, the court considers the following additional pleadings which have been filed by the parties:   "Fair's Motion to Extend Time for Answers and Motion for Order to Return Exhibits" [Doc. No. 109, filed November 29, 2007]; "Defendant/Crossclaim Defendant Stephen C. LeBlanc's Motion to Dismiss 'Steven George Fair's Crossclaim(s) (defamation)(infringement) and counterclaim (infringement)'" [Doc. No. 118, filed December 10, 2007]; "Steven George Fair's Objection to, and Response to 'Defendant/Crossclaim Defendant Stephen C. LeBlanc's Motion to Dismiss 'Steven George Fair's Crossclaims(s)(defamation)(infringement) and counterclaim(infringement)" [Doc. No. 128, filed December 26, 2007] and filed again at [Doc. No.156, filed January 31, 2008] and filed again at [Doc. No.182, filed February 4, 2008]; "Defendant Fair's Second Request for More Time in Scheduling and Motion under FRCP Rule 33" [Doc. No. 139, filed January 17, 2008]; "Defendant/Cross-Defendant/Cross-Claimant/Counter-Claimant Fair's Motion for the District Court to Serve 11-20-2008 (sic) counterclaim/Crossclaim Summons and Complaint in Forma Pauperis" [Doc. No. 140, filed January 18, 2008];  Steven Fair's "COMPLAINT Crossclaim/Counterclaim" [Doc. No. 155, filed January 31, 2008] and filed again at [Doc. No. 181, filed February 4, 2008]; Steven Fair's "Memorandum in Support of Complaint(s)" [Doc. No.

---

[2] This same document was filed twice by Fair at Doc. No. 156 and Doc. No. 182.

Page 2

157, filed January 31, 2008]; "Emergency Expedited Fair's Motion to Strike Documents and Hear Fair's Plea That Plaintiff and LeBlanc Want for Right to Prosecute Under Title 17 U.S.C. 411" [Doc. No. 164, filed February 1, 2008]; "Motion to Vacate Scheduling Order" [Doc. No. 165, filed February 1, 2008]; "Defendant/Crossdefendant Fair's Reply to Defendant and Cross-Claimant Stephen C. LeBlanc's Response to 'Defendant Fair's Second Request for More Time in Scheduling and Motion Under FRCP 33'" [Doc. No. 174, filed February 1, 2008]; "Steven Fair's First Amended Counter-Claim and Crossclaim Complaint" [Doc. No. 176, filed February 4, 2008]; "Motion for the Court to Allow Fair to Amend Fair's Counterclaim/Crossclaim" [Doc. No. 178, filed February 4, 2008]; and "Defendant/Crossdefendant Fair's Motion for the Court to Issue Summons in Forma Pauperis and Issue Subpoenas and Fourth Request to Set Back Time/Vacate Schedule" [Doc. No. 179, filed February 4, 2008].

Fair seeks to file counterclaims and cross claims against several individuals and companies.[3] From construing the "Joinder" and the later filed "Crossclaims and Counterclaims" together, the court deduces the following:

1.  Mr. Fair appears to wish to assert a counterclaim against Stuart Utgaard, a principle in Sportsman's Warehouse, Inc., plaintiff, along with Sportsman's Warehouse for copyright infringement. It is unclear whether Fair wishes to join Utgaard as an involuntary plaintiff pursuant to Fed. R. Civ. P. 19 or 20 or whether he wants to file a third party complaint, or utilize some other legal theory. (See "Crossclaim and Counterclaim" ¶ 62).

---

[3] Fair does not attach his proposed pleading to the motion for joinder. However, he does file a document called "Steven George Fair's CROSSCLAIM(S)(defamation)(infringement) and COUNTERCLAIM (infringement)" as Document 111, filed November 29, 2007 ("Crossclaims and Counterclaims").

2. Fair apparently seeks to join Prairie West Studio, an entity affiliated with Stephen C. LeBlanc, for an unknown reason. His document "Crossclaims and Counterclaims", does not mention Prairie West Studio in any claim for relief.

3. Finally, Fair seeks to join an entity named "Angler Art Gallery" which he characterizes as "the agent/agency by which Mr. LeBlanc attested to the publication dates of 'I'm the Boss', and 'The Challenger', and which established that these sculptures are commissioned by Sportsmans Warehouse". ("Joinder at ¶3) In the "Crossclaims and Counterclaims", Fair appears to be alleging that if Fair is liable to Sportsmans Warehouse and/or to Stephen LeBlanc for defamation, then Angler Art is liable to Fair because Angler Art provided Fair with false information about when certain sculptures were created by LeBlanc. This allegation is akin to a Fed. R. Civ. P. 14 third-party action. In places, however, Mr. Fair seems to be attempting to assert a claim on behalf of Mr. LeBlanc, alleging that Angler Art may have defamed Mr. LeBlanc ("Counterclaims and Crossclaims" at ¶ 17 and 18) and that Angler Art and LeBlanc "appear[s] to have engaged in conspiracy with LeBlanc by deceptive trade practices to damage Fair." (*Id.* at ¶ 19)

**Counterclaims and Cross Claims**

Fair was served with the Amended Complaint on July 18, 2007 [Doc. No. 20, filed July 27, 2007]. Fair filed a lengthy and confusing "Motion to Dismiss pursuant to FRAP RULE 12(a)(1)(A) FRAP RULE 12(b)" on July 24, 2007 and has been filing voluminous and often incomprehensible pleadings and documents in the case ever since. A great many of these have been stricken by the Magistrate Judge; on at least one occasion, the Magistrate Judge's Order was

reviewed and upheld by the District Court. (Order on Objection to Order of Magistrate Judge [Doc. No. 108, filed November 28, 2008])

Mr. Fair has been given ample and repeated direction on how to respond to a complaint and how to join potential parties and claims to the action. On October 1, 2007, Magistrate Judge Boland issued an Amended Order striking eleven papers filed by Mr. Fair and ordered Fair to answer or otherwise respond to the complaint and to defendant LeBlanc's cross claims. (Order, Doc. No. 55) On October 24, 2007, Magistrate Judge Boland again addressed Fair's multiple filings including Doc. No. 66, a form of Joinder motion, Doc. No. 64, a document purporting to be an aAnswer, and Doc. No. 68, another purported Answer. Magistrate Judge Boland acknowledged that Mr. Fair "may be attempting to (1) respond to the Complaint and LeBlanc's cross claims, (2) assert cross claims against LeBlanc; (3) assert counter claims against Sportsman's Warehouse, Inc.; (4) join parties; and (5) assert claims against third parties." (Order, Doc. No. 71) However, the court found that the papers failed to comply with the requirements of the Federal Rules of Civil Procedure and the papers were stricken. *Id.* Again, Mr. Fair's filings were addressed by Magistrate Judge Boland on November 20, 2007, found insufficient, and Fair was ordered to "answer or otherwise respond to the [Amended] Complaint and to LeBlanc's cross claims in compliance with Rule 8, Fed. R. Civ. P., on or before December 7, 2007. Mr. Fair is cautioned that failure to properly answer or otherwise respond to the Complaint and to LeBlanc's cross claims will result in entry of default against him." (Order, Doc. No. 100, ppg 4-5)

Since the document filed by Mr. Fair is called "Joinder," the logically relevant legal authority begins with Fed. R. Civ. P. 15. Federal Rule of Civil Procedure 15(a) provides that, after a responsive pleading has been served, a party may amend its pleading "only by leave of

Page 5

court or by written consent of the adverse party." The Rule specifies that "leave shall be freely given when justice so requires." "[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). The underlying purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Manitowoc-Forsythe Corp.,* 691 F.2d 449, 456 (10th Cir. 1982).

Federal Rule of Civil Procedure 16(b) also is instructive in situations where litigants are attempting to add parties or claims late in the litigation. Some Circuits hold that a party seeking to amend the pleadings, after the deadline set for such amendments in the scheduling order, must satisfy a "good cause" requirement pursuant to Rule 16(b). *See, e.g., Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000); *Hawthorne Land Co. v. Occidental Chem. Corp.,* 431 F.3d 221, 227 (5th Cir. 2005); *Leary v. Daeschner,* 349 F.3d 888, 909 (6th Cir. 2003); *In re Milk Prods. Antitrust Litig.,* 195 F.3d 430, 437-38 (8th Cir. 1999); *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 607-08 (9th Cir. 1992). This requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay. *See Parker,* 204 F.3d at 340-41; *Hawthorne,* 431 F.3d at 228; *Leary,* 349 F.3d at 907; *In re Milk Prods.,* 195 F.3d at 437-38; *Johnson,* 975 F.2d at 609-10. This Circuit adopted a similar interpretation of Rule 16(b)'s "good cause" requirement in the context of counterclaims, such as in this case, asserted after the scheduling order deadline. *SIL-FLO, Inc. v. SFHC, Inc.,* 917 F.2d 1507, 1518-19 (10th Cir. 1990).

In cases involving significant delay in requesting joinder, *Foman v. Davis,* 371 U.S. 178 (1962), carved out exceptions to Rule 15's "freely given" principle when the court perceives

undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.

The proposed cross claims and counterclaims against the new parties in this case are not actually brought pursuant to Rule 15, of course, because in all this time, Steven G. Fair has simply never filed a cogent, proper and appropriate Answer to Sportsman's Warehouse's Amended Complaint nor to Stephen C. LeBlanc's Cross Claims, much less appropriate counterclaims or cross claims against third parties. So, while the requests herein are not technically amendments to pleadings already filed, an analysis of the law in that area is instructive regarding the appropriate "point of no return" where the court must stop allowing these repeated attempts to add parties and claims to stall the litigation and create a quagmire of confusion for the parties in the case.

The Scheduling Order listed the following dates with respect to the orderly conduct of discovery and dispositive motions filings: Deadline for Joinder of Parties and Amendment of Pleadings: October 12, 2007; Discovery Cut-off: January 31, 2008; Dispositive Motion Deadline: March 31, 2008; Designation of all experts: December 14, 2007; Designation of rebuttal experts: January 15, 2008. The only extension to those deadlines was Magistrate Boland's order that Mr. Fair Answer the Amended Complaint and the Cross Claims of LeBlanc by no later than December 7, 2007. At the time Defendant Fair was asserting his "Joinder" motion and filing the multiple cross claims and counterclaims, the date for joinder of new parties had passed by almost two months. In fact, the revised "Complaint" [Doc. No. 155] was not filed by Mr. Fair until January 31, 2008, the date of the cut off for all discovery and three and one-half months after the date set for the joinder of new parties and claims.

Page 7

In examining the meaning of "undue delay" raised by *Forman*, the emphasis for reviewing courts has been on the meaning and applicability of the adjective "undue." Rule 15(a) does not restrict a party's ability to amend its pleadings to a particular stage in the action. Fed. R. Civ. P. 15(a); *see also* 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1488 (2d Ed. 1990). However, "[a] party who delays in seeking an amendment is acting contrary to the spirit of the rule and runs the risk of the court denying permission because of the passage of time." *Id.* The longer the delay, "the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004); *see also USX Corp. v. Barnhart,* 395 F.3d 161, 167 (3d Cir. 2004).

Even more important in deciding a motion to allow joinder of parties or new claims, is whether the action would prejudice the nonmoving party. *United States v. Hougham,* 364 U.S. 310, 316 (1960). *See also Evans v. McDonald's Corp.,* 936 F.2d 1087, 1090-91 (10th Cir.1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid claim ..., provided always that a late shift in the thrust of the case will not prejudice the other party in maintaining his defense upon the merits" (internal quotation marks omitted)); 6 Wright, Miller & Kane, *Federal Practice and Procedure* § 1487 (2d Ed. 1990)("Perhaps the most important factor listed by the Court and the most frequent reason for denying leave to amend is that the opposing party will be prejudiced if the movant is permitted to alter his pleading."); *Hom v. Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudicial a motion "to add an entirely new and different claim to [the plaintiff's] suit little more than two months before trial").

Courts will properly deny a motion to amend when it appears that the plaintiff is using the process of joining parties or claims to make the complaint "a moving target," *Viernow v. Euripides Dev. Corp.,* 157 F.3d 785, 800 (10th Cir. 1998), to "salvage a lost case by untimely suggestion of new theories of recovery," *Hayes v. Whitman,* 264 F.3d 1017, 1027 (10th Cir. 2001), to present "theories seriatim" in an effort to avoid dismissal, *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994), or to "knowingly delay[ ] raising [an] issue until the 'eve of trial,' "*Walters v. Monarch Life Ins. Co.,* 57 F.3d 899, 903 (10th Cir. 1995). *See also Minter v. Prime Equipment Co.*, 451 F.3d 1196 (10th Cir. 2006).

This case has long ago reached the point in time where delay has become **undue** and Mr. Fair's constant and repetitive filings are placing an unwarranted burden on the court and on the parties. The length of elapsed time is likewise prejudicial, placing an unfair burden on the opposing parties. Additionally, the "COMPLAINT Crossclaim/Counterclaim" [Doc. No. 155] clearly wasn't filed until January 31, 2008 and there has been no effort at all to explain such a late submission.[4] The court also notes that Mr. Fair began re-naming in the caption of the case on Doc. Nos. 155, 181 and 157 and others to include as parties the "SOS State of Colorado, Gov State of Colorado, 28 U.S.C. 3002(15)" and others as cross defendant/counter defendants, again without explanation or grounds.

This court is convinced that Steven Fair, rather than attempting to make a good faith effort to comply with the Federal Rules of Civil Procedure, is simply attempting to obsfucate the record in this case and engage in delay and other tactics to confuse and cloud the record to the

---

[4]For some inexplicable reason, similar to his behavior throughout the case, Fair filed this same document again [Doc. No. 181].

Page 9

point of inability to proceed fully forward.  These documents do not comport with Fed. R. Civ. P. 8 and filing them again and again will not make them any better.  Therefore, the cross claims and counterclaims asserted by Defendant Stephen G. Fair will not be allowed and will be stricken.

**Answers to Amended Complaint and LeBlanc's Cross claims**

As of the date of filing the "Joinder" and the "Counterclaims and Crossclaims," November 26 and 29, 2007 respectively, Fair had not filed an Answer to the Amended Complaint for Declaratory Judgment [Doc. No. 4, filed June 19, 2007] as ordered by Magistrate Judge Boland on November 20, 2007, although he had filed an Answer to Stephen C. LeBlanc's Answer and Crossclaim. [Doc. No. 103, filed November 26, 2007].  It also appears that *pro se* Defendant Fair engages in selective understanding of the court's orders, stating things such as "the district Court Mr. Boland advised/ordered that Cross-Defendant may only place 'Answer' in one document with no other claims; . . ."  Fair's "Answer to Sportsmans Warehouse First Amended Complaint for Declaratory Judgment" was not filed until January 31, 2007, ("Answer" [Doc. No. 154].  A letter to the Clerk of Court attached to the back of the Answer, however, claims that the document was mailed to the Court on November 21, 2007 for filing along with other documents which were filed at the same time.   The court observes that Doc. No. 154 is consistent in appearance to the Answer Mr. Fair filed on November 26, 2007 to Mr. LeBlanc's cross claims.  The certificate of service is largely the same and the caption of the Answer [Doc. 154] is not altered in the manner Mr. Fair has been altering the case caption on subsequent documents he has filed in that case.  Additionally, several of the many pleadings continually filed by Mr. Fair have mentioned his understanding that he  filed the Answer to Sportsman's Warehouse Amended Complaint  in November, 2007, after Magistrate Judge Boland's order, even though the court's docket contains

Page 10

no record of the timely filing.  (*See, e.g.*, Fair's "Motion to Extend Time for Answers and Motion for Order to Return Exhibits" [Doc. No. 109, filed November 29, 2007, ¶ 1]( "Pursuant to Order from the district Court Mr. Boland, Fair has Answered Sportmans Warehouse Complaint on 11-20-2007, and Answered LeBlanc's Crossclaim on 11-20-A.D. 2007 9:35A.M. PST.")  Fair does not have access to the CM/ECF electronic filing system to perform his own check of the Civil Docket to see if the pleading was recorded.

Based on those factors, the court will give the benefit of the doubt to Mr. Fair with respect to filing the Answer to the Amended Complaint [Doc. No. 154] and accept that the document was, for whatever reason, not timely entered upon the court's docket.  Further, given that the parties have had access to Mr. Fair's various attempts to submit answers in the past, the parties cannot be prejudiced by allowing the answer even though it is untimely filed.[5]  The Answer will therefore be allowed and considered timely filed.

WHEREFORE, it is hereby ORDERED:

1.     Stephen G. Fair's "Joinder", [Doc. No. 104] is DENIED.

2.     Defendant Stephen C. LeBlanc's Motion to Strike "Joinder" [Doc. No. 106] is DENIED.

3.     "Steven George Fair's CROSSCLAIM(S) (defamation)(infringement) and COUNTERCLAIM (infringement)" filed three times at [Doc. No. 111] and at [Doc. No. 156] and at [Doc. No. 182] are all STRICKEN.

---

[5] There is indication by Fair, without direct dispute from Sportsman's Warehouse, that he mailed the Answer to them on or about November 20, 2007 and that Sportsman's Warehouse had acknowledged receipt.

4. Defendant/Crossclaim Defendant Stephen C. LeBlanc's Motion to Dismiss "Steven George Fair's Crossclaim(s)(defamation)(infringement) and counterclaim(infringement) [Doc. No. 118] is GRANTED to the extent Doc. No. 111 , 156 and 182 have been stricken as noted herein.

5. Steven Fair's "COMPLAINT Crossclaim/Counterclaim" filed twice at [Doc. No. 155] and [Doc. No. 181] are both STRICKEN;

6. Steven Fair's "Memorandum in Support of Complaint(s) [Doc. No. 157] is STRICKEN.

7. Steven Fair's "Motion for the Court to Allow Fair to Amend Fair's Counterclaim/Crossclaim" [Doc. No. 178] is DENIED;

8. Steven Fair's First Amended Counter-claim and Crossclaim Complaint [Doc. No. 176, filed February 4, 2008] is STRICKEN.

9. Defendant/Crossdefendant Fair's Motion for the Court to Issue Summons in Forma Pauperis and Issue Subpoenas and Fourth Request to Set Back Time/Vacate Schedule" [Doc. No. 179] is DENIED.

10. "Cross Defendant Steven George Fair's Answer to Stephen C. LeBlanc's Answer and Crossclaim" [Doc. No. 103] will be accepted and allowed. "Defendant Steven George Fair's Answer to Sportsmans Warehouse First Amended Complaint for Declaratory Judgment" [Doc. No. 154] will be accepted and allowed. Fair's duplicate filing [Doc. No. 173] is STRICKEN.

11. Steven Fair's Motions to extend deadlines set forth in the Scheduling Order, captioned in various manners are not well-founded. Magistrate Boland had previously extended the date for filing Answers to the Amended Complaint and to the Cross Claims of Stephen

LeBlanc to December 7, 2007. To the extent the following motions request extension of deadlines in the Scheduling Order beyond that one extension, the following motions are DENIED: [Doc. No. 109], [Doc. No. 139], and [Doc. No. 165].

12. "Defendant/Cross-Defendant/Cross-Claimant/Counter-Claimant Fair's Motion for the District Court to Serve 11-20-2008 (sic) counterclaim/Crossclaim Summons and Complaint in Forma Pauperis" [Doc. No. 140] is DENIED.

13. "Emergency Expedited Fair's Motion to Strike Documents and Hear Fair's Plea That Plaintiff and LeBlanc Want for Right to Prosecute Under Title 17 U.S.C. 411" [Doc. No. 164] is STRICKEN as being redundant and unintelligible and in violation of the court's November 20, 2007 order.

14. Defendant/Crossdefendant Fair's Reply to Defendant and Cross-Claimant Stephen C. LeBlanc's Response to "Defendant Fair's Second Request for More time in Scheduling and Motion Under FRCP 33" [Doc. No. 174] is STRICKEN as being redundant and unintelligible and in violation of the court's November 20, 2007 order.

Dated this 13th day of February, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge