IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01271-WDM-KMT

SPORTSMANS WAREHOUSE, INC.,

     Plaintiff,

v.

STEVEN G. FAIR, and
STEPHEN C. LEBLANC,

     Defendants,

STEPHEN C. LEBLANC,

     Cross Claimant,

v.

STEVEN G. FAIR,

     Cross Defendant.

_____

# ORDER

_____

     This matter is before the court on Steven G. Fair's Motion for the Court to Compel Deposition in Sandy or East Gresham, Oregon ("Motion", [Doc. No. 135, filed January 15, 2008]). Sportsman's Warehouse filed a Response on February 4, 2008 ("Resp." [Doc. No. 170]). The court will treat Mr. Fair's Motion as a motion for a protective order pursuant to Fed. R. Civ. P. 26(c).

Plaintiff Sportsman's Warehouse has noticed Defendant Steven G. Fair's deposition to occur in Portland, Oregon, a location within 28.5 miles from Fair's town of residence, Sandy, Oregon. (Affidavit of Christopher Sullivan, ["Sullivan Aff'd," Doc. No. 171, ¶ 5]). The original deposition was scheduled for January 22, 2008, but was vacated because of the dispute arising over the location to give testimony. (Resp., p. 4)  Fair has objected to this location and has requested an order to compel the deposition be held in Sandy or Gresham, Oregon, which towns are slightly closer to Fair's residence. The ground for Mr. Fair's objection to the Portland, Oregon location is, "Plaintiff will gain an unfair psychological advantage in forcing defendant into the downtown jungle of mobocracy." (Motion at ¶ 4).

Sportsman's Warehouse has indicated that it attempted to resolve this matter by finding a legal office in either Sandy or Gresham, Oregon, which could and would accommodate all the parties and a court reporter for Mr. Fair's deposition, but failed to discover any suitable location. (Resp., p. 5). Sportsman's Warehouse's counsel asked Mr. Fair to find a location to conduct the deposition, but Mr. Fair has not provided plaintiff with any alternate locations. (Sullivan Aff'd, Exhibit B). The current Amended Notice of Deposition of Steven G. Fair (Sullivan Aff'd, Exhibit E) requires the presence of Steven G. Fair on February 22, 2008 at 9:00 a.m., PST, at the office of Black Helterline, LLP, 805 Southwest Broadway, Suite 1900, Portland, Oregon 97205-3359.

Certain general principles apply in selecting the place to conduct a deposition. A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to Rule 26(c)(2), Fed. R. Civ. P., designating a different place. *See* 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2112 at 403 (1970).

The Rules, then, start with the premise that the location for a deposition will be set by the examining party wherever he or she wishes. Sportsman's Warehouse is the examining party and so starts with the presumption that will set the location and make all the arrangements to conduct the examination, including hiring a court reporter and arranging for a suitable office location.

Fed. R. Civ. P. 26(c)(2), however, allows a court, upon a showing of good cause, to issue a protective order specifying the time and place of a deposition if the person to be examined can set forth a legitimate hardship or other reason why the location chosen by the deposing party should be changed. The trial court has great discretion in establishing the time and place of a deposition. *See generally* 8 C. Wright & A. Miller, *Federal Practice and Procedure* §§ 2111-2112 (1970); *In re Standard Metals Corp.*, 817 F.2d 625, 628 (10th Cir. 1987). *See also Otero v. Buslee,* 695 F.2d 1244, 1247 (10th Cir. 1982); *In re Petroleum Products Antitrust Litig.,* 669 F.2d 620, 623 (10th Cir. 1982). Since a defendant is not in the position of choosing the forum for the litigation in the first place, the court is more likely to protect it from a deposition set in the forum district. *Id.*

Here, however, Sportsman's Warehouse has already made the first accommodation to the defendant by setting the deposition of Mr. Fair in Portland, Oregon, within 30 miles of Mr. Fair's residential address. All the other parties in the action who wish to attend the deposition must fly to Oregon for the convenience of Mr. Fair. Although Mr. Fair appears to have reservations about traveling within a larger city setting, the history of this case belies any real fear or hardship on his part. Mr. Fair, in many of his filings with this court, has stated that he has traveled to numerous art shows across the country exhibiting his work, including in Colorado.

WHEREFORE it is hereby ORDERED:

**Defendant Steven G. Fair will attend his deposition on February 22, 2008 at 9:00 a.m., PST, by appearing in person at the office of Black Helterline, LLP, 805 Southwest Broadway, Suite 1900, Portland, Oregon 97205-3359.**

The parties are advised, further, that a trial court has the power to impose sanctions, including dismissal or directed entry of judgment or other just remedies for the willful failure to obey a discovery order. Fed.R.Civ.P. 37(b)(2)(C). *See Ehrenhaus v. Reynolds*, 965 F. 2d 916 (10th Cir. 1992).

Dated this 14th day of February, 2008.

BY THE COURT:


s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge