IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-01271-WDM-KMT

SPORTSMANS WAREHOUSE, INC.

    Plaintiff,

v.

STEVEN G. FAIR, and
STEPHEN C. LEBLANC,

    Defendants.

STEPHEN C. LEBLANC,

    Cross Claimant,

v.

STEVEN G. FAIR,

    Cross Defendant.

---

**ORDER**

---

This matter is before the court on:

1.    "Defendant and Cross-Defendant Steven George Fair's Motion to Compel LeBlanc Under FRCP Rule 37" [Doc. No. 243, filed February 27, 2008]: Response filed by Stephen LeBlanc on February 27, 2008 [Doc. No. 242] and Reply filed by Steven Fair on March 10, 2008 [Doc. No. 258] and;

2. "Fair's Expedited Motion to Strike Based Upon Defendant and Cross-Defendant Steven George Fair's Objection to Deposition" [Doc. No. 302, filed May 8, 2008]: no responsive pleadings filed.

Pending before the District Court is this court's recommendation that summary judgment be entered in favor of Sportman's Warehouse and Steven C. LeBlanc on the claims of non-infringement. The applicable period of appeal has not been exhausted.

Fair's Motion to Compel

The parties do not dispute that Steven Fair served Requests for Admission on Steven C. LeBlanc on or about January 3, 2008, before the discovery cut-off date. The court agrees with Mr. LeBlanc that, in general, written discovery should be served at least thirty-three days in advance of any cut-off dates, to allow the required amount of time for the responding party to answer the requests.

Because Steven Fair appears *pro se*, the court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a pro se complaint "to less stringent standards than formal pleadings drafted by lawyers"). The court liberally construes Mr. Fair's pleadings and other filings. *Id.* Nevertheless the court will not act as advocate for a *pro se* litigant who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Mr. Fair's *pro se* status does not entitle him to application of different rules than other litigants. *See Montoya v. Chao*, 296

F.3d 952, 957 (10th Cir. 2002) ("difficulties are those faced by many plaintiffs who nonetheless manage to file suit in a timely manner").

On the other hand, however, it is only fair to recognize that a layman's reading of the Rules could leave him with the understanding that written discovery could not be <u>served</u> after the discovery cut-off date. A few days "miss" in the allowance of enough time for Mr. LeBlanc to respond to the requests for admission propounded by Mr. Fair will not in any way prejudice Mr. LeBlanc.

Mr. LeBlanc's First Claim for Relief, the defamation claim, remains viable irrespective of the District Court's ruling on the Magistrate Judge's Recommendation concerning the copyright infringement issues. Therefore, there is now and will continue to be, an active adversarial claim continuing in the litigation upon which the parties were, during the discovery period, entitled to propound written discovery, including the disputed Requests for Admission.

On February 15, 2008, this court issued an Order with respect to the interrogatories Mr. Fair is requesting Mr. LeBlanc be required to answer. The court found then, and continues to find based on the lack of any evidence to the contrary, that the interrogatories were not properly or timely served on Mr. LeBlanc and he is under no obligation at this late date to answer interrogatories which were not properly propounded.

For the reasons set forth in this court's June 27, 2008 Recommendations to the District court and for lack of jurisdiction, this court will not order that any original sculptural works be produced by parties or non-parties in Oregon for inspection.

Wherefore, **IT IS HEREBY ORDERED,**

"Defendant and Cross-Defendant Steven George Fair's Motion to Compel LeBlanc Under FRCP Rule 37" [Doc. No. 243] is GRANTED in part and DENIED in part. Steven C. LeBlanc will provide responses on or before July 27, 2008 to Fair's Requests for Admission which were served on or about January 3, 2008. Fair's request that Stephen LeBlanc respond to interrogatories is DENIED and Fair's subpoenas and other requests to LeBlanc and any third parties to produce "Donald Roden Elk," and requests to produce maquettes of "I'm the Boss," "The Challenger" and "Looking for Trouble" are DENIED and subpoenas therefore are hereby QUASHED.

<u>Fair's Motion to Strike Deposition</u>

Fair alleges that the court strike his deposition based on the fact he believed he had the right to "review the deposition for correctness, to expound on yes and no answers, and to express where Fair may have misunderstood the questions of Mr. Chanin and Mr. Sullivan as they both asked questions of Fair."

Fed. R. Civ. P. 30(e) states

> **(e) Review by the Witness; Changes.**
> **(1) Review; Statement of Changes.** On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:
> **(A)** to review the transcript or recording; and
> **(B)** if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

4

> **(2) Changes Indicated in the Officer's Certificate.** The officer
> must note in the certificate prescribed by Rule 30(f)(1) whether a
> review was requested and, if so, must attach any changes the
> deponent makes during the 30-day period.

The Rule requires affirmative action by the deponent. The deponent must "request" the review before the deposition is completed and then must review the transcript and file changes in "form or substance" within thirty days of receipt of the transcript. There is no indication before the deposition was completed that Mr. Fair made the request which would trigger the court reporter to send him a review copy.

Further, there is no provision to enable a deponent to conduct a wholesale re-draft of deposition answers at a later date.

**Wherefore, IT IS HEREBY ORDERED**

"Fair's Expedited Motion to Strike Based Upon Defendant and Cross-Defendant Steven George Fair's Objection to Deposition" [Doc. No. 302] is DENIED.

Dated this 30th day of June, 2008.

BY THE COURT:

s/ Kathleen M. Tafoya
KATHLEEN M. TAFOYA
United States Magistrate Judge