IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller


Civil Action No.   07-cv-01271-WDM-KMT

SPORTSMANS WAREHOUSE, INC.,

        Plaintiff,

v.

STEVEN G. FAIR and
STEPHEN C. LEBLANC,

        Defendants,

and

STEPHEN C. LEBLANC

        Cross Claimant

v.

STEVEN G. FAIR

        Cross Defendant.

---

## ORDER ON MOTION FOR POST JUDGMENT RELIEF

---

Miller, J.

        This case is before me on Defendant and Cross Defendant Steven G. Fair's Motion

for Post Judgment Relief (doc no 360).  On August 5, 2008, I entered an order (doc no 354)

accepting the recommendation of Magistrate Judge Kathleen M. Tafoya and granting

summary judgment against Fair on his copyright infringement claim.  Fair contends that this

ruling is in error and claims that he was not treated fairly by the Magistrate Judges

responsible for this case.

In general, the Tenth Circuit construes a motion to reconsider that is filed within ten days after an order or judgment as a motion to alter or amend pursuant to Rule 59(e); a motion to reconsider filed after ten days is treated as a motion for relief from judgment under Rule 60(b). *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1178 (10th Cir. 2000).

Plaintiff's motion was filed within the ten-day period after judgment entered on August 8, 2008. Accordingly, I construe the motion as one to alter or amend the judgment pursuant to Rule 59(e).

A motion to alter or amend a judgment pursuant to Fed. R. Civ. P. 59(e) should be granted only to address (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Such a motion is not an appropriate vehicle to "advance arguments that could have been raised in prior briefing." *Id. See also Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) ("A Rule 59(e) motion to alter or amend the judgment should be granted only 'to correct manifest errors of law or to present newly discovered evidence'") (citations omitted).

Plaintiff does not demonstrate that he is entitled to relief under Rule 59(e), as he only reasserts the same arguments he forwarded in previous briefing and pleadings. Moreover, although Plaintiff contends that he should have been permitted additional discovery, he does not identify what evidence he would have discovered or how it would have altered what was essentially a legal determination that his artwork, to the extent that

it realistically portrays wildlife existing in nature, is not entitled to copyright protection.

Accordingly, his motion is denied.

DATED at Denver, Colorado, on September 9, 2008.

BY THE COURT:


s/ Walker D. Miller
United States District Judge